(46 South. 703.)

No. 17,042.

TAYLOR v. E. C. PALMER & CO., Limited.

(June 8, 1908. Rehearing Denied June 22, 1908.)

MASTER AND SERVANT—INJURY TO SERVANT—PETITION—SAFE PLACE TO WORK.

Plaintiff is appellant from judgment of the district court sustaining an exception of no cause of action and dismissing his suit. The action was one brought by plaintiff against defendant for damages for personal injuries received through the alleged fault and negligence of the defendant, his employer. The court held that on the face of plaintiff's petition it appeared that plaintiff was guilty of contributory negligence. The court erred. The duty of an employer to furnish a safe place in which his employés shall perform the duties to which he assigns them is not only a primary obligation imposed by law upon him, but it is a continuing duty. He is called upon to see that this duty is carried out. There is nothing in the petition going to show that "plaintiff knew of the trapdoor through which he fell and of the location of the same in the warehouse."

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by William G. Taylor against E. C. Palmer & Co., Limited. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

James Barkley Rosser, for appellant. Richard & Vidrine, for appellee.

## Statement of the Case.

NICHOLLS, J. Plaintiff appeals from a judgment of the district court which, sustaining an exception of no cause of action filed by the defendant, dismissed his suit.

Plaintiff filed two petitions in the case. In the original petition he alleged that while at work at the place of business of the said E. C. Palmer & Co., Limited, No. 433 Camp street, in this city, on the night of June 25, 1906, he was telephoned to by said E. C. Palmer, the president of said corporation, at about the hour of 10 o'clock, a very heavy rain falling at the time, accompanied with a high wind, which condition of the weather continued for several hours thereafter, who inquired of petitioner if everything was all right, meaning thereby if there were any leaks in the roof or damage being caused to the stock by the rain; that petitioner replied that at that particular time there were no leaks apparent, but he (petitioner) would look around the building before leaving for the night; that shortly after receiving such telephonic request from said E. C. Palmer, president, petitioner, acting under said request, lit a candle and proceeded to inspect the said premises, petitioner directing his gaze upward .towards the roof, in order to more effectually discover the existence of any leaks in the roof of said building, and, pursuing his search therefor, proceeded into that part of the building known as the warehouse, when he was suddenly precipitated through an open hatchway, falling heavily to the floor below, a distance of about 15 feet, and crushing the bones of the left foot, instantly causing petitioner to suffer excruciating pain, and the result of said injury is to render petitioner a cripple for the balance of his life, petitioner being obliged to wear a specially constructed shoe and use a cane in order to walk at all.

Now petitioner avers and charges that he was entirely without fault or negligence in the premises, and in no wise contributed thereto; but, on the contrary, said accident was due to the gross fault and negligence of the said E. C. Palmer & Co., Limited, and its employé, the warehouseman thereof, whose special duty it was, before leaving for the night, to place in position the bars in the railing surrounding the said open hatchway, and which the said warehouseman failed and neglected to do on the night petitioner was injured as aforesaid, and for whose fault and negligence said E. C. Palmer & Co., Limited, are liable and responsible to petitioner.

That said opening through which petitioner fell and was injured is provided with trap-doors, and that when said opening is not being used for the purpose of hoisting or lowering goods from one floor to the other, and particularly before night, it is and has been, ever since said trap-doors were placed in position, the custom and practice of the said E. C. Palmer & Co., Limited, to close same, as well as to place in position the bars in the railing which extend around said opening.

Now petitioner avers and charges that the said E. C. Palmer & Co., Limited, failed in its duty to him in neglecting to close and secure the trap-doors, and to place the bars in position over the opening in the floor through which he was precipitated and fell while obeying the instructions of the said corporation, issued to him through its said president, and that the injuries sustained by him were caused by the gross fault and negligence of said E. C. Palmer & Co., Limited, and that said E. C. Palmer & Co., Limited, are liable and responsible to him therefor.

In his supplemental petition, which was filed on September 4th with leave of the court, after declaring that he reiterated the allegations of the original petition, he averred that at the time he was injured as alleged therein he was and had been for several years in the employ of the defendant company as a bookkeeper; that when he, in pursuance of

the request made to him by E. C. Palmer, president of said corporation, to look around for leaks in the roof of the premises, No. 433 Camp street, same being the place of business of said E. C. Palmer & Co., Limited, before leaving for the night, he believed and had a right to believe that it would be perfectly safe, and that he ran no risk of being injured in so doing, and that all openings in the floors of said building were closed and secured, as it was the duty of said E. C. Palmer & Co., Limited, to do.

That said opening through which petitioner fell and was injured is provided with trap-doors, and that when said opening is not being used for the purpose of hoisting or of lowering goods from one floor to the other, and particularly before night, it is, and has been ever since said trap-doors were placed in position the custom and practice of said E. C. Palmer & Co., Limited, to close same, as well as to place in position the bars in the railing which extend around said opening.

Now your petitioner avers and charges that the said E. C. Palmer & Co., Limited, failed in its duty in neglecting to close and secure the trap-doors, and to place the bars in position over the opening in the floor through which he was precipitated and fell, while obeying the instructions of the corporation issued to him through its president, and that the injuries sustained by him were caused by the gross fault and negligence of said E. C. Palmer & Co., Limited, and that said E. C. Palmer & Co., Limited, are liable and responsible to him therefor.

On September 21st defendant excepted that plaintiff's petition was too vague, general, and indefinite to allow proof or permit answer, and that it disclosed no right or cause of action.

His exception was sustained, and plaintiff's suit was dismissed.

The court assigned as its reasons for this ruling that it appeared on the face of the papers that plaintiff's own negligence was the cause of the damage, and his petition shows no cause of action; that the petition shows that plaintiff was aware of the trap-door through which he fell, and of the location thereof in the warehouse.

It was his duty, in entering the warehouse in the dark, to look around him, and if he had done so he would have seen the open trap. Instead of this, he directed his gaze toward the ceiling, and unconsciously walked through the opening. His own negligence, therefore, was the cause of his injury.

The exception of no cause of action maintained, and suit dismissed.

## Opinion.

The court erred in sustaining defendant's exception that plaintiff's petition disclosed no cause of action and in dismissing his suit.

The duty of an employer to furnish a safe place in which his employés shall perform the duties to which he assigns them is not only a primary obligation imposed by law upon him, but it is a continuing duty. He is called upon to see that this duty is carried out. It may be, when the facts of this particular case have been ascertained through testimony adduced, that plaintiff may be shown not entitled to demand damages from the defendant; but as matters stand, and on the face of the papers, the court was not warranted in concluding as a matter of law that plaintiff had no cause of action against the defendant.

We do not find from plaintiff's allegations that "he was aware of the trap-door through which he fell and of the location thereof in the warehouse."

For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, annulled, avoided, and reversed; that defendants' exception of no cause of action be, and it is hereby, overruled; that this

cause be reinstated on the docket of the civil district court for the parish of Orleans; and this cause is remanded to that court for further proceedings according to law. Appellee to pay costs of appeal.